```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RAHN                       :    CIVIL ACTION
                                 :
        v.                       :
                                 :
RONALD NARDOLILLO, et al.        :    NO. 07-3538
```

MEMORANDUM

Bartle, C.J.                                       February 27, 2008

      Pro se plaintiff David Rahn, a state prisoner, brings this action under 42 U.S.C. § 1983 ("§ 1983") in which he alleges that his civil rights were violated in 2005 when he was incarcerated at the Delaware County Prison also known as the George W. Hill Correctional Facility ("Delaware County Prison" or "Prison").  Defendants Ronald Nardolillo, the Warden of the Delaware County Prison, Leslie Rimel, the Captain in charge of training at the Prison, and Phillip Carter, a Prison employee (collectively, "moving defendants") now move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

      Under Rule 12(b)(6), a claim should be dismissed only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

1. The complaint also names as defendants Chad McCullough, Mr. Labelle, and Mr. Rosado who allegedly were employed by the Delaware County Prison at the time of plaintiff's incarceration there.  These additional defendants have not been served.

relief.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).  All well-pleaded allegations in the complaint must be accepted as true, and all reasonable inferences are drawn in favor of the non-moving party.  Id.  Because plaintiff is pro se, we construe his complaint "generous[ly]."  Fischer v. Cahill, 474 F.2d 991, 993 (3d Cir. 1973) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  "[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).

Plaintiff's complaint consists of a four page form used by prisoners bringing a civil action under § 1983 in this District as well as two typewritten pages which provide factual background and add supplemental claims.  In his complaint, plaintiff alleges:  (1) a lack of safety railings on the top bunk bed; (2) a lack of evacuation signs for fire drills; (3) a lack of access to Catholic religious services; (4) racial discrimination with respect to attendance at religious services; (5) a lack of access to the law library; (6) a lack of access to a bulletin board on which institutional procedures and the changes therein were posted; (7) food not served at the proper temperatures; (8) six grievances not answered by the prison administration; (9) allowing prisoners to congregate in the

hallway after lockdown; (10) maintenance workers running noisy cleaning equipment at night; (11) the call box in plaintiff's cell not functioning; (12) fighting on two occasions among other prisoners in plaintiff's presence; (13) dirty showers; and (14) insufficient allotment of toilet paper to prisoners.

Plaintiff avers that these violations "are causing Plaintiff to suffer wanton infliction of pain/cruel and unusual punishment/w-Deliberate Indifference, by reckless and callous intent to cause bodily harm, Due Process of Law, and Access to Court." He seeks injunctive relief, attorney's fees of $105.00 per hour, $75,000 from each defendant in punitive damages, $100,000 from each defendant in compensatory damages, and $50,000 from each defendant in "mental and emotional" damages.

First, we consider plaintiff's claims for injunctive relief against the moving defendants. Though plaintiff brings these claims regarding his 2005 confinement at the Delaware County Prison, he is no longer confined at that facility. Nor has plaintiff sought class action status for any of his allegations. Consequently, any request by plaintiff for injunctive relief is moot. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003); Stevenson v. Carroll, 495 F.3d 62, 65, n.1 (3d Cir. 2007). We will grant the motion of moving defendants to dismiss any claim for injunctive relief with prejudice and without permitting plaintiff leave to amend, as any amendment would be futile. Alston, 363 F.3d at 235.

We next address the allegations against the moving defendants in their individual capacities.  In civil rights actions brought under § 1983, regardless of the constitutional violation alleged, a defendant cannot be held liable in his or her individual capacity unless he or she was personally involved in the alleged violation.  Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."  Rode, 845 F.2d at 1207.  With respect to defendants Nardolillo and Rimel, plaintiff can establish § 1983 supervisory liability by showing that a supervisor "tolerated past or ongoing misbehavior," Baker, 20 F.3d at 1191, n.3, (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 724-25 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990)).  However, supervisory "liability may not be predicated solely on the operation of respondeat superior," Rode, 845 F.2d at 1207.

In the instant matter, plaintiff's complaint is completely devoid of any allegation or inference that the moving defendants were personally involved in the alleged constitutional violations against him.  None of the moving defendants is mentioned by name or title in any of plaintiff's allegations, despite instructions on the pre-printed complaint form to include

"an explanation of how the defendants were involved."  Plaintiff does not allege that defendants Nardolillo or Rimel directed, knew of, or acquiesced in any alleged wrongdoing by those over whom those defendants had supervisory authority.  The complaint is thus "vulnerable to 12(b)(6) dismissal" on this ground.[2]  Alston, 363 F.3d at 235.

Finally, we consider moving defendants' arguments with respect to the allegations against them in their official capacities.  Official capacity suits under § 1983 seek to impose liability against the government entity for which the official being sued is an agent.  Brandon v. Holt, 469 U.S. 464, 471-72 (1985).  Plaintiff has not named the government entity itself as a defendant.  However, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 ; see also id.  Here, there is no evidence that the

---

2.  The moving defendants also contend that they are entitled to qualified immunity in their individual capacities because "Plaintiff's Complaint fails to adequately establish that Defendants Nardolillo, Rimel and/or Carter did not act in an objectively unreasonable manner at any time relevant to the instant case."  Though the complaint did not allege the requisite unreasonableness on the part of the moving defendants, we consider it premature to determine the question of qualified immunity, given that we will grant plaintiff an opportunity to amend his complaint.  We also decline to address this question presently, as defendants do not address the second prong of the qualified immunity determination, that is, whether the defendants' conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

proper government entity has received the required notice and opportunity to respond.[3]  Without such assurance, we cannot properly analyze that entity's potential liability to plaintiff under § 1983.  Insofar as plaintiff's complaint seeks punitive damages against the government, we will grant the motion of moving defendants to dismiss.  Local governments as well as local government employees sued in their official capacities are immune from suits for punitive damages and permitting plaintiff to amend in such circumstances would be futile.  City of Newport v. Fact Concerts, 453 U.S. 247 (1981).  The motion of the moving defendants to dismiss the claims against them in their official capacities will otherwise be denied without prejudice.

If plaintiff wishes to file an amended complaint, he may do so on or before March 31, 2008.  If a timely amendment is not forthcoming within that time, this court will dismiss the complaint against the moving defendants.  Alston v. Parker, 363 F.3d at 235.  "If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint."  Id. (citation omitted).

---

3.  Though counsel for the moving defendants purports to represent them in their official capacities, there is no evidence that counsel also represents the government entity which employs those defendants.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RAHN                        :    CIVIL ACTION
                                  :
          v.                      :
                                  :
RONALD NARDOLILLO, et al.         :    NO. 07-3538
```

ORDER

AND NOW, this 27th day of February, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendants Ronald Nardolillo, Leslie Rimel and Phillip Carter (collectively, "moving defendants") to dismiss plaintiff's complaint is GRANTED as to them insofar as it seeks injunctive relief and insofar as it seeks punitive damages from said defendants in their official capacities;

(2)  the motion of moving defendants to dismiss is otherwise denied without prejudice, with leave to plaintiff, David Rahn, to file an amended complaint in this matter on or before March 31, 2008; and

(3)  this action against the moving defendants will be dismissed if no amended complaint is filed on or before March 31, 2008.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.