```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID RAHN                       :     CIVIL ACTION
                                 :
        v.                       :
                                 :
RONALD NARDILLO, et al.          :     NO. 07-3538
```

MEMORANDUM

Bartle, C.J.                                         July 28, 2009

      Now pending before the court is the motion of the defendants, Ronald Nardolillo (incorrectly denominated Ronald Nardillo), Leslie Rimel (incorrectly denominated Ms. Rimer), and Phillip Carter (incorrectly denominated Mr. Carter), for summary judgment with respect to the claims of plaintiff David Rahn for alleged unconstitutional conditions of prison confinement. Plaintiff, who is acting pro se, has not filed a response.

      It is undisputed that the plaintiff was housed at George W. Hill Correctional Facility (the "Correctional Facility") in Delaware County, Pennsylvania from June 10, 2005 to October 3, 2005 while he was awaiting an evidentiary hearing on his petition for state Post Conviction Relief. He maintains he was subjected to several unconstitutional prison conditions during his stay at the Correctional Facility.

      Plaintiff asserts he was granted inadequate access to an inadequate law library. Plaintiff was allegedly forced to file several requests to attend the law library before he was permitted to attend. The library also purportedly refused to

give the plaintiff legal advice or PCRA forms, and he was unable to find certain "law books" he required to review "time limitation statutes." The plaintiff maintains he "lost his right to litigate meritorious legal claims" allegedly as a result of the inadequate law library.

Plaintiff also complains that he was forced to sleep in a cell and a bunk bed that lacked safety rails on his assigned top bunk. This caused him to be deprived of sleep and suffer panic attacks stemming from his fear of falling off the bed.

According to his amended complaint, plaintiff was denied access to Catholic Mass while he was housed at the Correctional Facility. Plaintiff was informed that inmates assigned to Unit C of the facility were only provided with Muslim services. He also asserts he was forced to listen to the Muslim services and prayers, which were apparently held in front of his cell.

Finally, the food at the facility was allegedly served cold and was of poor quality forcing the plaintiff to go without food for days.

The plaintiff concedes he filed grievances relating to these alleged constitutional violations on July 12, 2005, July 18, 2005, August 10, 2005, August 17, 2005 and August 29, 2005. Defendants attach a copy of these grievances, many of which repeat the same complaints, to their motion for summary judgment.

On August 23, 2007, the Correctional Facility mailed his application to proceed in forma pauperis, along with a completed copy of his "Form To Be Used By A Prisoner Filing A 42 U.S.C. § 1983 Civil Rights Complaint In The United States District Court For The Eastern District Of Pennsylvania."  On August 27, 2007, his application to proceed in forma pauperis was filed and docketed.  On September 4, 2007, this petition was initially denied without prejudice.  On September 26, 2007, plaintiff was granted leave to proceed in forma pauperis and his complaint was deemed filed.  An amended complaint was filed on April 3, 2008.  The plaintiff propounded no discovery and, as noted above, has not responded to the motion of the defendants for summary judgment.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is material when it "might affect the outcome of the suit under the governing law." Id.  After reviewing the evidence, the court makes all reasonable inferences in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Where the nonmoving party bears the "burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998).  A genuine issue of material fact is created if the nonmoving party "provides sufficient evidence to allow a reasonable jury to find for him at trial."  Id.  The evidence submitted and relied upon must be admissible at trial. Id.

Defendants first maintain that the plaintiff's claims related to illegal prison conditions are barred by the statute of limitations.  Although the plaintiff's amended complaint does not reference any statute, it is clear that it is based on 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United State or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that courts should apply the state statute of limitations applicable to personal injury torts to claims asserted under 42 U.S.C. § 1983.  Pennsylvania applies a two-year statute of limitations to personal injury actions.  42 Pa. Cons. Stat. Ann. § 5524.  The cause of action begins to accrue "from

the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991).

According to the amended complaint, the plaintiff filed an inmate grievance form on August 17, 2005. It states that he "filed two grievances about my not being granted time in the law library." On July 12, 2005, he filed a grievance stating that there were "no safety rails on top bunk and/or safety ladder." This grievance form also complains that he has "no access to religious services." An August 10, 2005 grievance form states that the facility makes "no attempt to keep food warm." Thus, the plaintiff knew of the conditions of his confinement that form the basis for his claims for relief under § 1983 on or prior to July 12, 2005 (safety rails; access to religious services), on or prior to August 10, 2005 (poor quality food), and on or prior to August 17, 2005 (law library), given that he had documented his complaints about these conditions on those dates.

According to the date-stamp on the envelope from the Correctional Facility, the plaintiff's first filings with this court were mailed on August 23, 2007, which is the operative date under the "prison mailbox rule." Houston v. Lack, 487 U.S. 266, 276 (1988); Cesspooch v. Williamson, No. 07-1790, 2008 WL 4974429 (M.D. Pa. Nov. 20, 2008).[1] Even assuming the alleged conditions

---

1. Although the "prison mailbox rule" requires us to look to the date on which the plaintiff gave his filing to prison officials, we have no evidence in the record as to this date. As noted
(continued...)

of confinement existed and are unconstitutional, the plaintiff concedes he was aware of all of them more than two years prior to August 23, 2007, the date the Correctional Facility mailed his first filings to this court.  This action is out of time.

Accordingly, we will enter an order granting the motion of the defendants for summary judgment with respect to all counts of the amended complaint.

---

1.(...continued)
above, the plaintiff has not filed a response to defendants' motion for summary judgment and there is no record of this date anywhere else.